**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | | |
| In re: | : | Chapter 11 |
| | : | |
| THE IT GROUP, INC., | : | Case No. 02-10118 (MFW) |
|     et al., | : | Jointly Administered |
| | : | |
|         Debtors. | : | |
| _____ | : | |
| | : | |
| OFFICIAL COMMITTEE OF | : | |
| UNSECURED CREDITORS OF THE | : | |
| IT GROUP, ET AL., On Behalf on The | : | |
| Estate of The IT Group, Inc., et al., | : | |
| | : | |
|         Plaintiff, | : | |
| | : | Adv. Proc. No. _____ |
| v. | : | |
| | : | |
| ARM ENVIRONMENTAL SERVICE, | : | |
| | : | |
|         Defendant. | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | | |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS OF**
**PROPERTY PURSUANT TO 11 U.S.C. §§ 547 AND 550**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned jointly administered chapter 11 cases (collectively, the "Cases") of The IT Group, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby files this complaint on behalf of the Debtors and their estates, and in support thereof respectfully alleges as follows:

**BACKGROUND**

1.      On January 16, 2002 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court"), thereby commencing their respective Cases, which are being jointly administered before this Court (the "Cases").

2.      On January 23, 2002, the Debtors and The Shaw Group, Inc. ("Shaw") entered into that certain Asset Purchase Agreement By And Among The IT Group, Inc., Certain Subsidiaries of The IT Group, Inc., and The Shaw Group, Inc., dated as of January 23, 2002 (the "APA"), pursuant to which Shaw, or an affiliate thereof, would acquire substantially all of the Debtors' assets and assume certain of the Debtors' liabilities (the "Shaw Transaction").  The APA expressly excluded from the assets being sold to Shaw any and all causes of action of the Debtors and their estates arising under chapter 5 of the Bankruptcy Code (the "Avoidance Actions").

3.      On January 25, 2002, the Office of the United States Trustee for the District of Delaware appointed the Committee pursuant to section 1102 of the Bankruptcy Code.

4.      By order dated April 25, 2002 (the "Sale Order"), the Court approved the Shaw Transaction in accordance with the terms of the Sale Order and the APA pursuant to sections 363 and 365 of the Bankruptcy Code.

5.      By order dated November 6, 2003 (the "Standing Order"), the Court granted the Committee leave, standing and authority to prosecute the Avoidance Actions on behalf of the Debtors and their estates.

## JURISDICTION AND VENUE

6.      This adversary proceeding arises out of and is related to the above-captioned Cases pending before the Court.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  The causes of action set forth herein concern the determination, avoidance and recovery of transfers pursuant to 11 U.S.C. §§ 547 and 550 and, as such, this adversary proceeding constitutes a "core" proceeding under 28 U.S.C. 157(b)(2).

7.      Venue of this adversary proceeding in this Court is appropriate pursuant to 28 U.S.C. § 1409.

## THE PARTIES

8.      The plaintiff Committee is the duly appointed and acting official committee of unsecured creditors of the Debtors appointed in the Cases pursuant to section 1102 of the Bankruptcy Code.  Pursuant to the Standing Order and sections 105, 503, 1103 and 1109 of the Bankruptcy Code, the Committee was granted leave, standing and authority by the Court to commence and prosecute this action on behalf of the Debtors and their estates.

9.      The Debtors are debtors and debtors in possession in the Cases pursuant to sections 1107 and 1108 of the Bankruptcy Code.

10.    ARM ENVIRONMENTAL SERVICE (the "Defendant") is a person, as defined by section 101(41) of the Bankruptcy Code, who received payments or transfers of property from the Debtors.  The Defendant maintains an address at:

1210 1ST STREET SOUTH
COLUMBIA, SC  29209

### COUNT I

### AVOIDANCE OF TRANSFERS PURSUANT TO
### SECTION 547 OF THE BANKRUPTCY CODE

11.    On or within 90 days before the Petition Date, one of the Debtors made one or more transfers by check, wire transfer, or its equivalent, of an interest of the Debtors in property in an aggregate amount of not less than $11,215.00 (the "Transfers") to the Defendant.  A summary of the Transfers is attached as Exhibit A.

12.    The Defendant was a creditor of one or more of the Debtors at the time of the Transfers within the meaning of section 101(10)(A) of the Bankruptcy Code.  At the time of the Transfers, the Defendant had a right to payment on account of an obligation owed to the Defendant by one of the Debtors.  The Transfers were to or for the benefit of the Defendant.

13.    The Transfers were made on account of an antecedent debt because the Transfers were made by one or more of the Debtors upon an obligation owed by one or more of the Debtors before the Transfers were made.

14.    The Debtors were insolvent throughout the 90 days preceding the Petition Date within the meaning of the Bankruptcy Code.

-4-

15.     The Transfers enabled the Defendant to receive more on account of its debt than it would receive if: (a) the Cases were cases under chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

16.     The amount of the Transfers made by the Debtors to the Defendant which is avoidable pursuant to section 547(b) of the Bankruptcy Code is $11,215.00.

17.     By reasons of the foregoing, the Transfers are avoidable pursuant to section 547(b) of the Bankruptcy Code.

**COUNT II**

**RECOVERY OF AVOIDED TRANSFERS PURSUANT TO
SECTION 550 OF THE BANKRUPTCY CODE**

18.     The Committee hereby incorporates by reference the allegations of paragraphs 1 through 17 as if fully set forth herein.

19.     The Committee is entitled to recover the Transfers from the Defendant for the benefit of the Debtors and their estates pursuant to section 550 of the Bankruptcy Code to the extent they are avoided under Count I herein, together with pre- and post-judgment interest thereon at the maximum legal rate from the date of the Transfers.

WHEREFORE, the Committee respectfully requests that this Court enter judgment (i) avoiding the Transfers to or for the benefit of the Defendant, (ii) directing the Defendant to immediately pay the Debtors' estates the sum of $11,215.00

together with pre- and post-judgment interest thereon, (iii) awarding the Committee its

reasonable fees, costs and expenses (including attorneys' fees and costs) incurred in

prosecuting this adversary proceeding, and (iv) granting the Committee such other and

further relief as is just.

Dated:  January 6, 2004
        Wilmington, Delaware

THE BAYARD FIRM

By: _____
    Jeffrey M. Schlerf (No. 3047)
    Felice G. Kerr (No. 2875)
    Eric M. Sutty (No. 4007)
    222 Delaware Avenue, Suite 900
    Wilmington, Delaware 19801
    (302) 655-5000

        -and-

John K. Cunningham
Ileana Cruz
WHITE & CASE LLP
Wachovia Financial Center
200 South Biscayne Blvd.
Miami, Florida 33131
(305) 371-2700

Attorneys for the Committee

# EXHIBIT A

## ARM ENVIRONMENTAL SERVICE

### Combined Payment Listing

| Date | Payment # | Payment Amount |
|---|---|---|
| 1/8/2002 | 4094936 | $11,215.00 |
| 1 | | $11,215.00 |